Nikolas M. Sulley, W.S.B. #8-6663
FUICELLI & LEE, PC
1731 Gilpin Street
Denver, CO 80218
(303) 355-7202
NSulley@coloradoinjurylaw.com

| | | |
|---|---|---|
| **STATE OF WYOMING** ) | | **IN THE DISTRICT COURT** |
| ) ss: | | |
| **COUNTY OF TETON** ) | | **NINTH JUDICIAL DISTRICT** |

TRACEY CARRILLO,                               )
                                               )
      Plaintiff,                      )
                                               )
vs.                                            )    **Civil Action No. _____**
                                               )
BLACK DIAMOND EQUIPMENT, LTD.;                 )
CLARUS CORPORATION;                            )
PIEPS GMBH; and PIEPS CANADA                   )
                                               )
      Defendants.                     )

---

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

Plaintiff, Tracey Carrillo, by and through his attorneys, Fuicelli & Lee, P.C., for his Complaint against Defendants Clarus, Black Diamond and PIEPS (collectively "Defendants") states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times relevant, Plaintiff Tracey Carrillo is and was a resident of the State of Texas, residing in Knox County.

2. Plaintiff Tracey Carrillo was appointed Wrongful Death Representative for the death of Trace Carrillo on April 20, 2023.

3. Tracey Carrillo is the biological father of the decedent, Trace Carrillo.

4. Trace Carrillo died on April 1, 2020, in Teton County, Wyoming.

5. At the time of his death Trace Carrillo was an unmarried resident of Teton County in the State of Wyoming.

1

6. Defendant Clarus Corporation ("Clarus") is a Utah corporation doing business throughout the state of Wyoming. Clarus' principal office address is 2084 E. 3900 S, Salt Lake City, Utah 84124. Clarus' Registered Agent is Aaron Kuehne, 2084 E. 3900 S, Salt Lake City, Utah 84124.

7. Defendant Black Diamond Equipment, Ltd. ("Black Diamond") is a Utah corporation doing business throughout the state of Wyoming. Black Diamond's principal office address is 2084 E. 3900 S, Salt Lake City, Utah 84124. Black Diamond's Registered Agent is Aaron Kuehne, 2084 E. 3900 S, Salt Lake City, Utah 84124.

8. Defendant PIEPS GmbH (PIEPS) is a foreign corporation doing business throughout the state of Wyoming. PIEPS GmbH's principal office address is Parkring 4, 8403 Lebring, Austria.

9. Defendant PIEPS Canada (PIEPS) is a foreign sole proprietorship doing business throughout the state of Wyoming. PIEPS Canada's with an address of 1868 Corbin Place, Revelstoke, British Columbia.

10. Pursuant to the Wyoming Rules of Civil Procedure, venue is proper in the county designated in this Complaint, as the activities giving rise to this complaint occurred in Teton County.

## GENERAL ALLEGATIONS

11. This action arises from a design defect of an avalanche transceiver (also referred to as "avalanche beacon") that resulted in the death of Mr. Trace Carrillo on April 1, 2020.

12. On April 1, 2020, Trace Carrillo was skiing in Teton County when he was caught in an avalanche.

13. At the time of his death, Trace Carrillo was using a PIEPS DSP Sport avalanche beacon (the "Beacon").

14. Teton County Search and Rescue were called after a fellow skier was unable to locate Trace Carrillo through his Beacon.

15. Rescue efforts, which continued into April 2, 2020, included unsuccessful searches for transmissions from Trace Carrillo's Beacon.

16. Trace Carrillo's cause of death was determined as asphyxiation.

17. Upon information and belief, the avalanche beacon that Trace Carrillo was wearing on April 1, 2020, was planned, designed, manufactured, distributed, marketed, and sold by Clarus, Black Diamond, and PIEPS.

18. Upon information and belief, at all times relevant, Clarus, as the parent company of Black Diamond and PIEPS, exercises control over Black Diamond and PIEPS.

19. Upon information and belief, at all times relevant, Defendants distributed, marketed and sold avalanche beacons in Wyoming.

20. Avalanche beacons like those designed, manufactured, distributed, marketed, and sold by Defendants, have the intended purpose to help locate persons buried in avalanches.

21. They do this by emitting a signal when placed in the "Send" mode that can be located by other nearby avalanche beacons that are placed in the "Search" mode.

22. When someone is buried in an avalanche and their avalanche beacon is in "Send" mode, those searching for the buried person switch their own avalanche beacons to "Search" mode which allows them to receive the buried person's beacon's signal and then locate the buried person.

23. If an avalanche beacon is not in "Send" mode, no signal will be received by any nearby avalanche beacons that are in "Search" mode.

24. On April 12, 2021, Defendants issued the following recall on Black Diamond's website for three of their avalanche beacons (the "Recall"):

Black Diamond Equipment, Ltd., in cooperation with the U.S. Consumer Product Safety Commission (CPSC) and Health Canada, is issuing a voluntary recall of the PIEPS DSP Pro, DSP Pro Ice, and DSP Sport avalanche transceivers with neoprene carrying case. The units were sold from January 2013 through November 2020 only.

The reason for the recall is that the transceiver can switch modes unexpectedly when not locked or installed in the harness. When this occurs, it will prevent the transceiver from transmitting a discoverable electronic signal and can make it difficult to locate a skier in an avalanche, which can result in severe bodily harm or death.

Consumers should immediately stop using the recalled avalanche transceivers and register for a free replacement hardcase carrying system, and user guide to be used with the recalled transceivers at the following link:

Free Replacement Harness Registration

  

From left to right: DSP Pro Ice, DSP Pro and DSP Sport

### Recall Details

This recall involves all PIEPS DSP Pro, DSP Pro Ice, and DSP Sport Avalanche Transceivers. The transceivers are worn by skiers so they can be located if they are buried in an avalanche. The units were sold in one size with an LCD display, a slider switch with Off/Search/Send, and are powered by a battery. The devices have a green/yellow, black/yellow, or clear/yellow exterior. The transceivers come with a black neoprene carrying case. The manufacturer's name, PIEPS, is printed in black letters on the front of the unit with the model name DSP Pro, DSP Pro Ice, and DSP Sport. The recall includes PIEPS DSP Sport Avalanche Transceiver MODEL NO. PP1128040000ALL1; PIEPS DSP Pro Avalanche Transceiver MODEL NO. PP1127710000ALL1; and PIEPS DSP Pro Ice Avalanche Transceiver MODEL NO.PP1127700000ALL1. The model name DSP02 can be found on the inside of the battery door, and the model number can be found on the outside of the packaging.

Black Diamond has received 63 reports of the transceiver modes switching unexpectedly while in use. One death and one instance of a skier getting caught in an avalanche who suffered a broken arm and minor injuries both reported in British Columbia.

25. The Recall included the Beacon that Trace Carrillo was wearing at the time of his death.

26. According to the Recall, the recalled beacons contain a defect that causes them to unexpectedly switch modes when being used as intended, thereby rendering the beacons useless.

27. Upon information and belief, at the time of his death, Trace Carrillo was using his Beacon in the manner intended by Defendants.

28. Upon information and belief, prior to being caught in the avalanche, Trace Carrillo's Beacon was operational and in the "Send" mode.

29. Upon information and belief, when Trace Carrillo's body was located on April 2, 2020, his Beacon was not in "Send" mode.

30. Upon information and belief, on April 1, 2020, at some point between the time that Trace Carrillo began skiing and when he was buried in the avalanche, his Beacon unexpectedly switched from "Send" to "Search" mode.

31. Because of the defect with Defendants' recalled beacons, rescue efforts to locate Trace Carrillo through his Beacon were futile.

32. Prior to April 1, 2020, Clarus, Black Diamond and PIEPS had knowledge of the defect in their avalanche beacons, including Trace Carrillo's Beacon.

33. In fact, Clarus, Black Diamond, and PIEPS had knowledge dating back to at least March 2017 that their avalanche beacons could unexpectedly switch modes when used as intended.

34. In March 2017, a skier was killed in an avalanche in Canada when his beacon, which was included in the later Recall, unexpectedly switched modes and he was unable to be located in time.

35. Notwithstanding that the only purpose of their avalanche beacons is to locate persons buried in avalanches faster than any other method, Defendants refused to warn users that there was a possibility that their beacons contained a defect that would render them useless.

36. Defendants increasingly received complaints that their beacons were unexpectedly switching modes throughout 2020 and 2021.

37. Regardless, it wasn't until Health Canada, the governmental department responsible for Canada's national health policy, got involved that Defendant issued the Recall.

38. Upon information and belief, had Trace Carrillo known of the defect prior to April 1, 2020, he would not have relied on his Beacon for its intended purpose.

39. Upon information and belief, had Trace Carrillo been wearing an avalanche beacon that was not defective, his chances of survival would have dramatically increased.

### FIRST CLAIM FOR RELIEF
### (Negligence resulting in Wrongful Death)

40. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

41. Defendants, and each of them, planned, designed, manufactured, distributed, marketed, and sold the PIEPS DSP sport avalanche beacon owned and used by Trace Carrillo at the time of his death.

42. Defendants, and each of them, as the designers and manufacturers of a product, owed a duty of care to Trace Carrillo, as a user of their product.

43. Defendants, and each of them, as the designers and manufacturers of a product, are required to exercise reasonable care in the planning, design, and manufacturing of its product to ensure it is reasonably safe for its intended use and for reasonably foreseeable uses, regardless of whether the use is intended by the manufacturer.

44. Defendants, and each of them, breached their duty in the design, manufacture, and sale of their avalanche beacons, including the Beacon owned and used by Trace Carrillo at the time of his death, in that Defendants, and each of them, failed to do something that a reasonably careful manufacturer in the same business would do.

45. As early as March of 2017, Defendants, and each of them, were notified by consumers that their avalanche beacons was malfunctioning.

46. Defendants, and each of them, breached their duty of care by failing to implement a timely recall of the beacons once they were made aware of the possible defect.

47. Because Defendants, and each of them, breached their duty to Trace Carrillo, the PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death caused physical harm resulting in death to Trace Carrillo.

48. As a result of the death of Trace Carrillo, his beneficiaries and surviving family have suffered damages and losses.

49. As a direct result of the death of Trace Carrillo, his beneficiaries and surviving family suffered economic and non-economic losses, including, but not limited to, grief, loss of future companionship, society and comfort.

## SECOND CLAIM FOR RELIEF
### (Strict Product Liability – Manufacturer Design Defect)

50. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

51. Defendants, and each of them, planned, designed, manufactured, distributed, marketed, and sold the PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death.

52. The PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death was defective at the time Defendants, and each of them, designed, manufactured, marketed, and sold it.

53. The PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death was expected to reach the user or consumer without substantial change in the condition in which it was designed, manufactured, marketed, and sold.

54. The PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death did reach the user or consumer without substantial change in the condition in which it was designed, manufactured, marketed, and sold.

55. Because of the defect, the PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo could not be used for its intended purpose and was thus unreasonably dangerous to Trace Carrillo.

56. Defendants, and each of them, as the designers and manufacturers of a product, owed a duty to avoid foreseeable risk of harm to Trace Carrillo, as a user of their product.

57. The PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death posed a foreseeable risk of harm to Trace Carrillo, as the user, that could have been reduced or avoided had Defendants, and each of them, adopted a reasonable alternative design.

58. Defendants, and each of them, breached their duty to Trace Carrillo by designing and manufacturing a defective device that posed a foreseeable risk of harm to Trace Carrillo that could have been reduced or avoided by failing to adopt a reasonable alternative design.

59. Because Defendants, and each of them, breached their duty to Trace Carrillo, the PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death caused physical harm resulting in death to Trace Carrillo.

60. As a result of the death of Trace Carrillo, his beneficiaries and surviving family have suffered damages and losses.

61. As a direct result of the death of Trace Carrillo, his beneficiaries and surviving family suffered economic and non-economic losses, including, but not limited to, grief, loss of future companionship, society and comfort.

### THIRD CLAIM FOR RELIEF
### (Strict Product Liability – Failure to Warn)

62. Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

63. Defendants, and each of them, planned, designed, manufactured, distributed, marketed, and sold the PIEPS DSP Sport avalanche beacon owned and used by Trace Carrillo at the time of his death.

64. Defendants, and each of them, as the designers, manufacturers, distributers, marketers, and sellers of a product, have a duty to warn about latent defects and concealed dangers in the use of the product if a failure to give such warning renders the product unreasonably dangerous.

65. Because the intended purpose of Defendants' avalanche beacons is to assist in locating users in the event they are buried in an avalanche, a latent defect that causes the beacons to unexpectedly switch modes renders the beacons unreasonably dangerous.

66. Defendants, and each of them, as the designers, manufacturers, distributers, marketers, and sellers of a product, owed a duty to Trace Carrillo to warn that his PIEPS DSP Sport avalanche beacon possibly contained a latent defect that could cause it to unexpectedly switch out of "Send" mode, thereby making the beacon unreasonably dangerous.

67. Defendants, and each of them, breached their duty to Trace Carrillo by failing to warn of the potential for his PIEPS DSP Sport avalanche beacon to unexpectedly switch out of "Send" mode, thereby preventing Trace Carrillo from being located in the event of an avalanche.

68. Because Trace Carrillo relied on his PIEPS DSP Sport avalanche beacon to assist in locating him in the event of an avalanche, and he was not warned by Defendants of the latent defect that could cause his beacon to unexpectedly switch out of "Send" mode, thereby preventing him from being located through his PIEPS DSP Sport avalanche beacon in the event of an avalanche, his PIEPS DSP Sport avalanche beacon was unreasonably dangerous.

69. Defendants breach of their duty to warn Trace Carrillo that his PIEPS DSP Sport avalanche beacon possibly contained a latent defect, and was thus unreasonably dangerous, caused physical harm resulting in death to Trace Carrillo.

70. As a result of the death of Trace Carrillo, his beneficiaries and surviving family have suffered damages and losses.

71. As a direct result of the death of Trace Carrillo, his beneficiaries and surviving family suffered economic and non-economic losses, including, but not limited to, grief, loss of future companionship, society, and comfort.

WHEREFORE, Plaintiff Tracey Carrillo, as Wrongful Death Representative for the death of Trace Carrillo, prays for judgment against Defendants Clarus, Black Diamond and PIEPS in an amount to be fully proven at trial, pre- and post-judgment interest as permitted by law, costs, expert witness fees, and for such other and further relief as the Court may deem just and proper.

**PLAINTIFF REQUESTS THIS MATTER TO BE TRIED TO A JURY OF SIX (6) PERSONS**

DATED May 16, 2023.

Respectfully submitted,

_____
Nikolas M. Sulley, W.S.B. #8-6663
FUICELLI & LEE, PC
1731 Gilpin Street
Denver, CO 80218
(303) 355-7202
NSulley@coloradoinjurylaw.com
*Attorney for the Plaintiff Tracey Carrillo*