William F. Auther (SBN 8-6801)
**BOWMAN AND BROOKE LLP**
2929 North Central Avenue
Suite 1900, Phoenix Plaza
Phoenix, Arizona 85012-2736
(602) 643-2300
Fax: 602-248-0947
william.auther@bowmanandbrooke.com
Minute Entries: mme@phx.bowmanandbrooke.com

*Attorneys for Black Diamond Equipment, Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| TRACEY CARRILLO,<br><br>Plaintiff,<br><br>v.<br><br>BLACK DIAMOND EQUIPMENT, LTD.; CLARUS CORPORATION; PIEPS GMBH; and PIEPS CANADA,<br><br>Defendants. | No.<br><br>**DEFENDANT BLACK DIAMOND EQUIPMENT, LTD.'S NOTICE OF REMOVAL** |

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Black Diamond Equipment, Ltd. ("Black Diamond"), defendant in the case originally pending as Case No. 2023CV18893 in the District Court of the Ninth Judicial District in and for Teton County, Wyoming, files this Notice of Removal to the United States District Court for the District of Wyoming.

1. This action falls under this Court's original jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is, therefore, an action that may be removed pursuant to 28 U.S.C. § 1441(a).

2. The Civil Cover Sheet is attached hereto as Exhibit A.

3. In compliance with 28 U.S.C. § 1446(d), and in compliance with LRCiv 81.1, a copy of this Notice of Removal is being filed with the clerk of the state court from which this

action has been removed, and is being served upon all parties, in the form attached hereto as Exhibit B.

4. A copy of Plaintiff's Complaint as filed in the state court action is attached hereto as Exhibit C. Copies of all other pleadings and documents that were previously filed with the state court will be filed within 14 days of the entry of the Order on Removal in compliance with 28 U.S.C. § 1446(c) and LRCiv 81.1.

5. By filing this Notice of Removal of Action, Black Diamond does not waive any defenses available to it in this action.

**REMOVAL JURISDICTION**

6. Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to federal court. 28 U.S.C. § 1441(a).

7. This Court has original jurisdiction over all civil actions between citizens of different states, where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). As explained below, those criteria are satisfied in this case.

**A.   Diversity of Citizenship**

8. Plaintiff asserts in his Complaint that he is a resident of Texas. *See* Ex. C, Pl.'s Compl. ¶ 1.

9. Defendant Black Diamond is a Delaware corporation with its headquarters and principal place of business in Salt Lake City, Utah.

10. Defendant Clarus Corporation is a holding company incorporated in Delaware.

11. Defendant PIEPS GmbH is an Austrian Limited Liability Company.

12. Upon information and belief, PIEPS Canada does not exist.

**B.   Amount in Controversy**

13. Plaintiff seeks damages arising out of the alleged wrongful death of his son. *See generally*, Ex. C, Pl's Compl. He describes a claim for substantial damages. Specifically, the Complaint demands damages suffered by the decedent's beneficiaries and surviving

family as a result of the decedent's death. This includes "economic and non-economic losses, including, but not limited to, grief, loss of future companionship, society, and comfort." Ex. C, Pl.'s Compl. at ¶¶ 49, 61, and 71.

14. As the Supreme Court clarified, a notice of removal to federal court under 28 U.S.C. § 1446(a) need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold and need not include actual evidence establishing that amount. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Based on plaintiff's wrongful death damages claims, Black Diamond has a reasonable, good faith belief that plaintiff is asserting damages in excess of $75,000. Thus, the amount in controversy meets the Court's $75,000 jurisdictional threshold, exclusive of interest and costs.

C. **Timeliness of Removal**

15. A notice of removal must be filed within 30 days after service on the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that removal period begins after service of summons and complaint, "not by mere receipt of the complaint unattended by any formal service").

16. This action was filed on May 30, 2023, and it was served on Black Diamond on June 1, 2023. Therefore, this notice of removal is being filed within 30 days of Black Diamond being served with plaintiff's Complaint. Accordingly, removal is timely.

17. Clarus Corporation was also served on June 1, 2023. This firm is Clarus Corporation's counsel as to this matter and consents to removal of this action. *See Lundahl v. Am. Fam. Ins. Co.*, No. 15-CV-090-S, 2015 WL 13333594, at *4 (D. Wyo. Aug. 10, 2015) (noting that "[r]epresentation by counsel of a party as to that party's consent is sufficient to satisfy the requirements under § 1446(b).").

18.  Consent of PIEPS GmbH is not required as it has not been served. *See* 28 U.S.C. § 1446(b)(2)(A).

For the foregoing reasons, defendant Black Diamond Equipment, Ltd. hereby removes to this Court the civil action pending as Case No. 2023CV18893 in the District Court of the Ninth Judicial District in and for Teton County, Wyoming.

Dated this 30th day of June, 2023

                                      **BOWMAN AND BROOKE LLP**

By: *s/William F. Auther*
    William F. Auther
    *Attorneys for Black Diamond Equipment, Ltd.*

/ / /

/ / /

/ / /

# CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2023, I electronically transmitted the foregoing **DEFENDANT BLACK DIAMOND EQUIPMENT, LTD.'S NOTICE OF REMOVAL** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Nikolas M. Sulley
FUICELLI & LEE, PC
1731 Gilpin Street
Denver, CO 80218
NSulley@ColoradoInjuryLaw.com

*Attorney for Plaintiff*

                                          *s/ Shelia T. Riley*
                                          An Employee of Bowman and Brooke LLP