

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

TRACEY CARRILLO,

Plaintiff,

v.

BLACK DIAMOND EQUIPMENT, LTD;
CLARUS CORPORATION; PIEPS GMBH; and
PIEPS CANADA,

Defendants.

Case No. 23-CV-115-SWS

---

## ORDER GRANTING IN PART AND DENYING IN PART JUDGMENT ON THE PLEADINGS IN FAVOR OF DEFENDANTS BLACK DIAMOND EQUIPMENT AND CLARUS CORPORATION

---

This matter comes before the Court on the Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss filed by Defendants Black Diamond Equipment, Ltd. and Clarus Corporation (ECF 7) and accompanying memorandum (ECF 8). Plaintiff submitted an opposition (ECF 17), and the movants replied (ECF 20). Having considered the parties' arguments, reviewed the record herein, and being otherwise fully advised, the Court determines the request for judgment on the pleadings should be granted.

### BACKGROUND[1]

On April 1, 2020, Plaintiff's son, Trace Carrillo, tragically died in an avalanche

---

[1] For purposes of this motion under Rule 12(c) and Rule 12(b)(6), the Court accepts Plaintiff's well-pled facts as true and views them in the light most favorable to him.

accident while skiing in Wyoming. (Compl. ¶¶ 4, 12.) At the time, Trace Carrillo was using a PIEPS DSP Sport avalanche beacon that was designed, manufactured, marketed, distributed, and sold by Defendants. (*Id.* ¶¶ 13, 17.) When he was buried in the avalanche, a fellow skier turned on his own avalanche beacon to search for a signal from Trace Carrillo's beacon, but no signal was ever found, and rescuers were unable to find Trace Carrillo before he suffocated under the snow. (*Id.* ¶¶ 14-16.)

If an avalanche beacon is not in "Send" mode, it will not send out a location signal to other beacons. (*Id.* ¶¶ 20-23.) Upon information and belief, Trace Carrillo turned his avalanche beacon to "Send" mode when he began skiing that day, but at some point it unexpectedly and unknowingly switched itself to "Search" mode, thus failing to send any location signal when needed. (*Id.* ¶¶ 28-30.) On April 12, 2021, Defendants issued a recall on several types of avalanche beacons, including that used by Trace Carrillo, because "the transceiver can switch modes unexpectedly when not locked or installed in the harness," which then "will prevent the transceiver from transmitting a discoverable electronic signal and can make it difficult to locate a skier in an avalanche." (*Id.* ¶ 24; ECF 3 p. 4.)

On April 6, 2023, Plaintiff petitioned the state court to be appointed as the wrongful death representative for the purpose of bringing a wrongful death claim for the death of his son. (ECF 17 p. 2.) He was so appointed on April 20, 2023 (Compl. ¶ 2). He filed the instant lawsuit in state court on May 18, 2023.[2] (ECF 17 p. 3.) Plaintiff's complaint asserts

---

[2] Defendants contend the lawsuit was filed in state court on May 30, 2023. (ECF 1 ¶ 16.) The copy of the state court complaint provided to this Court is not signed or file-stamped (ECF 1-3; ECF 3), so the Court cannot tell when it was filed in state court. Regardless, the Court finds this unresolved dispute to be immaterial to the analysis and disposition of Defendants' motion.

Defendants are liable for the death of Trace Carrillo based on negligence and strict products liability.

In the present motion, Defendants Black Diamond Equipment and Clarus Corporation (collectively, "movants") seek judgment on the pleadings or dismissal, contending Plaintiff has exceeded Wyoming's statutory time limitation for bringing a wrongful death action claim. (ECF 7.) Plaintiff opposes the motion, arguing his complaint is timely under the relevant law. (ECF 17.) The Court will consider the parties' contentions in further detail in its analysis.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

"Rule 12(c) motions serve a particularly useful purpose if the applicable statute of limitations would bar a party's claims and result in dismissal of the entire controversy as a matter of law." *Aberkalns v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009); *see Johnston v. Young*, 57 F. App'x 392, 393-94 (10th Cir. 2003) (unpublished) (affirming a judgment on the pleadings entered by the trial court because the plaintiff exceeded the statute of limitations). Motions for judgment on the pleadings under Rule 12(c) and motions to dismiss for failure to state a claim under Rule 12(b)(6) are reviewed under the same standard. *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003). "[I]t is appropriate to resolve a statute of limitations defense on a Rule 12(b)(6) [or Rule 12(c)] motion 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Jiying Wei v. Univ. of Wyo. College of Health Sch. Pharmacy*, 759 F. App'x 735, 739 (10th Cir. 2019) (unpublished) (quoting *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016)). The Court accepts the nonmoving party's well-

pled factual allegations as true but is not bound to accept an asserted legal conclusion as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[3]

## ANALYSIS

When a federal court's jurisdiction is based on a diversity of citizenship between the parties under 28 U.S.C. § 1332, as is the case here, the court is required by the *Erie* doctrine to apply the substantive law of the forum state. *Talley v. Time, Inc.*, 923 F.3d 878, 883 n.2 (10th Cir. 2019).

Wyoming's wrongful death statutes are found at Wyo. Stat. §§ 1-38-101 through 105. In relevant part, the Wrongful Death Act provides as follows:

> Whenever the death of a person is caused by wrongful act, neglect or default such as would have entitled the party injured to maintain an action to recover damages if death had not ensued, the person who would have been liable if death had not ensued is liable in an action for damages, even though the death was caused under circumstances as amount in law to murder in the first or second degree or manslaughter....

Wyo. Stat. § 1-38-101.

> (d)    An action for wrongful death shall be commenced within two (2) years after the death of the decedent.

Wyo. Stat. § 1-38-102(d). Wyoming's "wrongful death statute creates a new cause of action for the benefit of designated persons who have suffered the loss of a loved one and provider." *DeHerrera v. Herrera*, 565 P.2d 479, 482 (Wyo. 1977). "Under § 1-38-102(c), wrongful death beneficiaries are entitled to recover 'fair and just' 'pecuniary and

---

[3] As discussed below, the limitation period for a wrongful death claim is a "condition precedent" rather than a true statute of limitation. For purposes of analysis under Rule 12(c) and/or 12(b)(6), though, it is functionally equivalent.

exemplary damages[,]' 'including damages for loss of probable future companionship, society and comfort.'" *Gaston v. Life Care Centers of Am., Inc.*, 488 P.3d 929, 937 (Wyo. 2021). Accordingly, a wrongful death action is not to recover for injuries or losses suffered by the decedent, but for those losses suffered by the decedent's beneficiaries. *See Nulle v. Gillette-Campbell County Joint Powers Fire Board*, 797 P.2d 1171, 1175 (Wyo. 1990) ("In the wrongful death statute, the Wyoming legislature has expressed a social policy that favors compensation to ameliorate the certain damage to relational interests resulting from the death of a family member.").

Here, Trace Carrillo's death was determined when his body was recovered on April 2, 2020, whereas Plaintiff filed this wrongful death action in May 2023, well more than two years after the death of the decedent. The dispute in the current motion is whether Plaintiff's lawsuit should be considered timely. Specifically, Plaintiff contends the two-year limitation period should not have commenced running until Defendants issued their recall notices for the avalanche beacons because that was the first time Plaintiff could have suspected Trace Carrillo's death may have been tied to a defective avalanche beacon.

1. **The two-year limitation period for wrongful death actions, and not the four-year statute of limitations for products liability claims, applies to Plaintiff's claims.**

Plaintiff contends his complaint presents products liability claims as well as wrongful death claims. (ECF 17 p. 4.) That may have been Plaintiff's intent, but it is not legally feasible. "[W]hen a person dies as a result of injuries inflicted by another, the cause of action is limited to one for wrongful death." *Robinson v. Pacificorp*, 10 P.3d 1133, 1140 (Wyo. 2000). Because Plaintiff alleges Trace Carrillo's death resulted from the wrongful

actions (negligence, defective product, and failure to warn) of Defendants, his claim is necessarily limited to a wrongful death cause of action. *See id.* ("because Robinson alleges that her husband's death resulted from injuries inflicted by the appellees, her claim is limited to a wrongful death cause of action").

Plaintiff points out the inconsistency in the fact that had Trace Carrillo lived through the avalanche, he would have had four years to bring his negligence and products liability claims, but because he died, a wrongful death lawsuit concerning the same event must be brought within two years. (ECF 17 p. 5.) While perverse, this is accurate, but one must remember the wrongful death cause of action is itself a compromise. At common law, "an individual could not bring a civil action against someone for causing the death of another." Dustin Joseph Richards, *Tort Law-Overruled! Wyoming's Novel Interpretation of the Wrongful Death Act's Personal Representative; in Re Estate of Johnson, 231 P.3d 873 (Wyo. 2010)*, 11 Wyo. L. Rev. 241, 243 (2011). Thus, before wrongful death actions were authorized by statutes, the same conundrum existed but to a greater degree—a plaintiff could sue civilly for non-lethal injuries but causing plaintiff's death allowed the tortfeasor to escape all civil liability. Wrongful death statutes create a cause of action to fill the void of potential civil liability created by the death of the victim. *See Coliseum Motor Co. v. Hester*, 3 P.2d 105, 107 (Wyo. 1931) ("The foundation of the action is the wrongful act of the defendant which resulted in death. No remedy existed at common law. The statute was intended to make a change."). The Wyoming Legislature has determined that a two-year limitations period is the proper balance for this statutorily-created cause of action that

did not exist at common law. Plaintiff's policy-based disagreement should be directed to Wyoming's elected representatives rather than the judiciary.

2.    **The "discovery rule" does not apply to toll Wyoming's wrongful death limitation period, and nothing precluded Plaintiff from being appointed as wrongful death representative shortly after Trace Carrillo's death.**

For most causes of action, the applicable statutes of limitation generally will not commence until the plaintiff discovers or had reason to discover the claim. "Wyoming is a discovery jurisdiction, which means that a statute of limitation is triggered when a plaintiff knows or has reason to know of the existence of a cause of action." *Redland v. Redland*, 288 P.3d 1173, 1186 (Wyo. 2012). The Wyoming Supreme Court has made clear, though, the discovery rule does not apply to toll the limitation period for causes of action for wrongful death. *Corkill v. Knowles*, 955 P.2d 438, 442 (Wyo. 1998). This is because the two-year limitation period within the Wrongful Death Act at Wyo. Stat. § 1-38-102(d) is considered a "condition precedent," and it is separate and distinct from the statutes of limitations provisions of Wyo. Stat. §§ 1-3-101 through 1-3-119.

> Therefore, because the two-year limitation period found in the wrongful death statute is an integral part of the right created by the statute and does not contain a savings clause, we hold the limitation period found in the wrongful death statute, at Wyo. Stat. § 1-38-102(d), is a condition precedent, rather than a statute of limitations.

*Corkill*, 955 P.2d at 442. Accordingly, the discovery rule, while applicable to statutes of limitation, does not operate to toll the limitation period of the wrongful death statute. *See Gaston v. Life Care Centers of Am., Inc.*, 488 P.3d 929, 938 (Wyo. 2021) ("the standard exceptions to statute of limitation deadlines are inapplicable to the two-year condition precedent in § 1-38-102(d)").

Plaintiff contends *Corkill* does not apply here because its conclusion that the discovery rule does not apply to wrongful death actions is nonbinding dicta. (ECF 17 pp. 9-10.) It is not. The question was directly before the Wyoming Supreme Court in *Corkill* because the trial court had "held that the 'discovery rule' applies to Wyoming's Wrongful Death Act and the action was filed within the statutory time frame," and the trial court thus denied the defendant's motion to dismiss. *Corkill*, 955 P.2d at 439. The Wyoming Supreme Court directly addressed the issue presented to it, and this decision was integral to the *Corkill* ruling and consequently was not dicta. *See id.* at 443 ("Therefore, contrary to the district court's ruling, we hold that the discovery rule does not apply to Wyoming's Wrongful Death Act.").

However, the Wyoming Supreme Court went on to also "hold that the two-year limitation period found in Wyoming's wrongful death statute cannot commence to run until the identity of the deceased person is known, thereby permitting the appointment of a personal representative to bring the action." *Id.* at 445. As the decedent in *Corkill* had not been identified until several years after her death and plaintiff there had brought the wrongful death claim within two years of the decedent being identified, the Wyoming Supreme Court "affirm[ed] the district court's denial of the motion to dismiss on other grounds." *Id.* at 439. That is, because a wrongful death representative cannot be appointed until a decedent's identity is known, the two-year limitation period is tolled until the decedent is identified. *Id.* at 445. Neither of the two holdings in *Corkill* are "dicta," the holdings do not contradict each other, and both holdings remain binding authority.

*Corkill* does not excuse Plaintiff's untimely wrongful death action in this case because Plaintiff did not file within two years after the decedent was identified. *See id.* at 445 ("Since the action was filed within two years after the decedent was identified, that action was not time barred."). Upon the recovery of Trace Carrillo's body on April 2, 2020, Plaintiff knew or had reason to know all the facts necessary to be appointed as wrongful death representative "to investigate and bring an action under W.S. 1-38-101." Wyo. Stat. § 1-38-103(c); *see Corkill,* 955 P.2d at 445 (Thomas, J., concurring) ("the facts necessary to secure the appointment of the personal representative must be known before the two year statute begins to run"). Accordingly, while Plaintiff accurately asserts, "In circumstances in which a party is unable to be appointed [as] a representative and bring a wrongful death claim, Wyoming's wrongful death 'condition precedent' is stayed" (ECF 17 p. 6), such is not the case here. Nothing prevented Plaintiff from being appointed as the wrongful death representative shortly after Trace Carrillo's death to investigate whether a wrongful death lawsuit was warranted.

3.  **Plaintiff's assertion that Defendants intentionally concealed notice of its defective avalanche beacons is insufficient to extend or toll the two-year limitation period.**

Some courts have determined that intentional concealment of a material fact tolls the limitation period for a wrongful death claim. (*See* ECF 17 pp. 12-13 (collecting cases).) Wyoming has not held such, but *Corkill* did reference a West Virginia decision that recognized the exception. *See Corkill,* 955 P.2d at 443 (citing *Miller v. Romero,* 413 S.E.2d 178, 182 (W.Va. 1991) (*overruled on other grounds by Bradshaw v. Soulsby,* 558 S.E.2d 681 (2001)); *see also Schmelzle v. ALZA Corp.,* 561 F. Supp. 2d 1046, 1051 (D. Minn.

2008) ("This Court thus finds that it is not clear whether Wyoming would apply the doctrine of fraudulent concealment to toll the limitations period of the applicable wrongful death statute.").

Even assuming, for the sake of argument, that Wyoming would recognize fraudulent concealment to toll the two-year limitation period for wrongful death claims, Plaintiff has not sufficiently alleged such with the necessary particularity. "A party is required to plead a fraudulent concealment cause of action with particularity." *Robinson v. Pacificorp*, 10 P.3d 1133, 1136 (Wyo. 2000) (refusing to consider the argument that the two-year condition precedent should be tolled based upon fraudulent concealment because the claim "was not pleaded with sufficient particularity").

In advancing his assertion of intentional concealment, Plaintiff points to paragraphs 32-33, 35-36, 45-46, 55, and 67-69 of the complaint. Having carefully reviewed the entirety of the complaint with particular emphasis on these cited paragraphs, the Court does not find an assertion of intentional concealment with sufficient particularity. Paragraphs 32-33 suggest Defendants had knowledge of a potential defect in their avalanche beacons at least as early as 2017. Paragraphs 35-36 state Defendants received additional complaints about their beacons but failed to warn users about those complaints or any possible defects. Paragraphs 45-46 assert Defendants had notice as early as 2017 that their beacons were malfunctioning but failed to implement a timely recall. Paragraph 55 asserts the avalanche beacon used by Trace Carrillo was unreasonably dangerous because it could not be used for its intended purpose. And Paragraphs 67-69 claim Defendants failed to warn Trace Carrillo that his beacon could unexpectedly switch out of "Send" mode, which made it

unreasonably dangerous to him and caused him harm. These allegations assert knowledge of and a failure to warn about a possible product defect, but they do not assert that Defendants intentionally or fraudulently concealed or misrepresented material information from Plaintiff that they had a duty to accurately disclose. Specifically, Plaintiff has not alleged he ever inquired into the matter. *See Olson v. A.H. Robins Co., Inc.*, 696 P.2d 1294, 1299-1300 (Wyo. 1985) (finding no fraudulent concealment where there was "no showing that information was concealed from appellant or that facts were misrepresented to her" and the appellant never inquired or "attempted to develop factual information"); *Schmelzle v. ALZA Corp.*, 561 F. Supp. 2d 1046, 1051 (D. Minn. 2008) (applying Wyoming law in finding no fraudulent concealment where the plaintiff "has not alleged that he specifically sought information from Defendants, and that Defendant made representations to him upon which he relied to his detriment by filing suit after the applicable limitations period had run"). In short, there are no allegations carrying sufficient factual particularity that Defendants in this case intentionally concealed or misrepresented material information and caused Plaintiff to fail to seek appointment as wrongful death representative to investigate and file a timely wrongful death action. Indeed, it is important to recognize that Defendants issued the subject recall notices in April 2021, still within the two years of Trace Carrillo's death in April 2020. Plaintiff had almost a year after the recall notices were issued in which to be appointed as wrongful death representative and file a timely wrongful death action. Even if Plaintiff truly had no reason to suspect a wrongful death action might be warranted until the recall notices, Plaintiff has not pled any facts to suggest the actions of Defendants prevented him from filing a timely wrongful death lawsuit within that remaining year.

**4.    Sanctions against Plaintiff under Rule 11 are not warranted in this case, and an award of any costs and/or attorney fees shall be governed by Rule 54 and other relevant law.**

As part of the instant motion, the movants also request "sanctions as appropriate under Rule 11 of the Federal Rules of Civil Procedure as Plaintiff has refused to withdraw this action despite being aware that there is no legal basis to maintain this action." (ECF 8 p. 5.) The Court denies this request for three reasons. First, a motion for sanctions under Rule 11 "must be made separately from any other motion," Fed. R. Civ. P. 11(c)(2), which was not done here. Second, Defendants have not demonstrated their compliance with the 21-day safe harbor requirement of Rule 11. Third, and most significantly, the Court finds Plaintiff's legal contentions are supported by nonfrivolous arguments for extending or modifying existing law. (*See, e.g.*, ECF 17 pp. 7-12 (advocating for application of the discovery rule to wrongful death actions)); *cf. Bradshaw v. Soulsby*, 558 S.E.2d 681, 688-89 (W.Va. 2001) (overruling *Miller v. Romero*, which the Wyoming Supreme Court cited favorably to in *Corkill*, and concluding the discovery rule does apply to West Virginia wrongful death actions).

Finally, the movants "request costs and attorneys' fees as permitted by Rule 54 of the Federal Rules of Civil Procedure." (ECF 8 p. 5.) Rule 54 and associated relevant law will govern any subsequent request for fees and/or costs. This request is denied without prejudice to the movants resubmitting the request in compliance with Local Civil Rules 54.2 and 54.3.

## CONCLUSION AND ORDER

The two-year limitation period of Wyoming's Wrongful Death Act applies to

Plaintiff's complaint, and there is no basis to stay or toll the period in this case.

Consequently, the complaint is time-barred. Statutory periods of limitation, unfortunately,

> are arbitrary by their very nature and do not discriminate between the just and unjust claim. They are not judicially made but represent legislative and public policy controlling the right to litigate. The statutes operate against even the most meritorious of claims and courts have no right to deny their application.

*Duke v. Housen*, 589 P.2d 334, 340 (Wyo. 1979).

**IT IS THEREFORE ORDERED** that Black Diamond Equipment, Ltd. and Clarus Corporation's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss (ECF 7) is **GRANTED IN PART AND DENIED IN PART**. Judgment on the pleadings under Rule 12(c) is **GRANTED** in the movants' favor. The movants' request for Rule 11 sanctions is **DENIED**. The movants' request for an award of costs and attorney fees is **DENIED WITHOUT PREJUDICE**.

**DATED**: August __2ᴺᴰ__, 2023.

Scott W. Skavdahl
United States District Judge